THE COUNTY COMMISSION OF
FAYETTE COUNTY, WEST VIRGINIA,

        Plaintiff,

v.                           Civil Action no. 2:19-cv-00113

SEMINOLE WEST VIRGINIA MINING
COMPLEX, LLC, KENNETH MCCOY,
JASON MCCOY, MIKE ISABELL,
GREAT MIDWEST INSURANCE CO.,
IRONSHORE SPECIALTY INS. CO.,
DOE INSURERS,

        Defendants.


## MEMORANDUM OPINION AND ORDER


        Pending is a motion for attorney's fees and costs, filed by the plaintiff on April 23, 2019.  The defendant Seminole West Virginia Mining Complex, LLC ("Seminole") filed a response in opposition on April 26, 2019, to which the plaintiff replied on May 3, 2019.

        Final judgment was entered in this case on March 29, 2019, when the court issued a memorandum opinion and order (ECF # 29) granting the plaintiff's motion to remand and a judgment order (ECF # 30) therewith, remanding the case to the Circuit Court of Fayette County, West Virginia.  Twenty-five days later, the plaintiff filed the instant motion for attorney's fees and

costs under 28 U.S.C. § 1447(c).

The plaintiff contends that an award of attorney's fees is warranted because its motion was timely filed and the defendant had no objectively reasonable basis for removal. The defendant disputes both of these contentions, and further argues that the plaintiff's requested amount in attorney's fees and costs -- $63,938 -- is unreasonable.

As for the first argument, Fed. R. Civ. P. 54 (d)(2) requires a motion for attorney's fees to be filed no later than fourteen days after an entry of judgment. Although the motion here was filed April 23, 2019 -- twenty-five days after judgment was entered -- the plaintiff contends that it should be deemed timely for three alternative reasons: the fourteen-day deadline should not apply to remand orders because remand does not constitute a "judgment"; the motion was initially filed with the motion to remand and simply renewed by this motion; and the delay was due to excusable neglect because one of the plaintiff's attorneys suffered a death in the family just before the remand order was entered. The defendant, however, argues that a remand order is an entry of judgment, that the plaintiff's one-line request for attorney's fees in the motion to remand does not constitute a motion for attorney's fees, and that the untimeliness was not excusable because the attorney who

suffered a death in the family has not previously made an
appearance in the case.

The court finds, in light of the relatively minor
delay in filing the motion, which appears to have been in part
due to the death of a close family member of one of plaintiff's
counsel who was working on the case, that the motion warrants
consideration.

To approve a motion for attorney's fees on a motion to
remand, the court considers the reasonableness of the removal.
See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).
"Absent unusual circumstances, courts may award attorney's fees
under § 1447(c) only where the removing party lacked an
objectively reasonable basis for seeking removal. Conversely,
when an objectively reasonable basis exists, fees should be
denied." Id.

Here, the case was removed on the ground of diversity
jurisdiction. Although defendant Mike Isabell and the plaintiff
were both citizens of West Virginia, Seminole argued that Mr.
Isabell's citizenship should be disregarded because he was a
fraudulently joined defendant. The parties did not dispute that
the requirements for diversity jurisdiction were otherwise
satisfied. Fraudulent joinder carries a heavy burden, which is
only met when there is "no possibility that the plaintiff would

be able to establish a cause of action against the in-state defendant in state court[.]" <u>Mayes v. Rapoport</u>, 198 F.3d 457, 464 (4th Cir. 1999) (emphasis in original).

In support of its fraudulent joinder argument, Seminole presented evidence that the plaintiff had no intention of pursuing a cause of action against Mr. Isabell, and additionally argued that the plaintiff had no hope of establishing a cause of action against Mr. Isabell because its subject order and ordinance is unlawful and Mr. Isabell would nonetheless not be covered by the ordinance because he was not an operator of Seminole, a fact also supported by evidence. Ultimately, the court found that when resolving all questions of fact in the plaintiff's favor, the defendant had not met its heavy burden of showing no possibility that the plaintiff could recover from Mr. Isabell.

The court finds here, however, that Seminole's grounds for removal were objectively reasonable. Seminole presented evidence from which one could reasonably conclude that Mr. Isabell was not an operator of Seminole and thus would not be covered by the order and ordinance, and it presented at least reasonable arguments that the order and ordinance were unlawful, which would destroy any cause of action the plaintiff had against Mr. Isabell. Seminole also presented a reasonable

argument that the forum defendant rule of 28 U.S.C. § 1441(b)(2) warranted federal jurisdiction here.

Accordingly, the court finds that attorney's fees should not be awarded.  It is therefore ORDERED that the motion for attorney's fees be, and hereby is, denied.  The court does not reach the issue of the reasonableness of the amount of fees requested.

The Clerk is further requested to transmit this order to all counsel of record and to any unrepresented parties.

DATED:  July 23, 2019

John T. Copenhaver, Jr.
Senior United States District Judge